```
           IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

**UNITED STATES OF AMERICA**                                              PLAINTIFF

        v.        Criminal No. 98-20007-001

**ROBERT J. ROSSO**                                                        DEFENDANT

### O R D E R

Now on this 19th day of October, 2011, comes on for consideration defendant's **Motion To Correct Clerical Error(s)** ("Motion To Correct") (document #54) and **Reply To The "Response Of The United States To Defendant's Motion To Correct Clerical Erros" And Motion To Leave And Amend Recently Filed Rule 36 Motion** ("Motion To Amend") (document #56), and from said motions, and the response thereto, the Court finds and orders as follows:

1.  Defendant was convicted of conspiracy to distribute methamphetamine on April 2, 1998, and on July 17, 1998, this Court sentenced him to life imprisonment.

2.  In his Motion To correct, defendant contends that there is an error in the Judgment entered against him, which states that he was found guilty of Conspiracy to Distribute Methamphetamine, in violation of **21 U.S.C. § 841(a)(1).** He contends this is "inconsistent of the charge for which I was found guilty. . . it should clearly state [21 U.S.C. §] 846 as well."

In his Motion To Amend, defendant "requests that the Court clarify the statute or statutes or reasing [sic] that he is serving a life sentence," stating that "the record as a whole is unclear as

to why movant received his life sentence" and "the record is ambiguous as to why a life sentence was imposed."

3. Pursuant to **F.R.Cr.P. 36**, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

The application of **Rule 36** is very narrow. "Rule 36 does not authorize a district court to *modify* a sentence at any time. An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole." **U.S. v. Tramp**, **30 F.3d 1035, 1037 (8th Cir. 1994)** (emphasis in original, internal citation omitted).

4. Defendant's motions pursuant to **Rule 36** are without merit. Based on the assertions he makes in his Motion To Amend, **Rule 36** simply does not apply to his case. If, on the other hand, one disregards the assertions in the Motion To Amend and looks only to the assertions in the Motion To Correct, there is no need to correct the Judgment. It is clear on the face of the document that defendant was convicted of "Conspiracy to Distribute Methamphetamine."

While the Judgment does, as defendant asserts, cite **§ 841(a)(1)** (which criminalizes the manufacture and distribution of controlled substances) rather than **§ 846** (which criminalizes conspiracy to commit offenses covered by **§ 841(a)(1)**) defendant is

not prejudiced by that citation. The penalty under both statutes is the same. **Section 846** states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Defendant does not say why he believes that the Judgment needs to be corrected, nor does the Court perceive anything to be gained by doing so. The situation here presented is like that in **U.S. v. Skorniak, 2009 WL 130262 (D. Neb. 2009),** wherein the court found an "obvious mis-reference" in the Judgment which was "immaterial so far as the determination of the defendant's guideline sentencing range and sentence is concerned." The court there found "no need to issue a corrected judgment and committal order under these circumstances." This Court makes the same finding in the case at bar.

5. Defendant also contends that there is an error in the government's Information Filed To Seek Enhancement Pursuant To title 21 U.S.C. § 851(a). He contends that the government made a clerical mistake in this document by "alleging that my statutory maximum was life; rather, it should have been "30 years" pursuant to 841(a)(1)(b)(1)(c) [sic], the only penalty provision of 21 U.S.C. 841(a)(1) that makes no reference to quanity [sic]."

The government responds that because defendant was indicted, convicted, and sentenced before the decision in **Apprendi v. New**

**Jersey**, **530 U.S. 466 (2000)**, it was not necessary to allege a drug quantity in his Indictment, and that the statutory maximum stated in its Information Filed To Seek Enhancement Pursuant To Title 21 U.S.C. § 851(a) was correct.  Thus, according to the government, there is no clerical error in the document.

The Court need not determine whether there is any clerical error in the Information Filed To Seek Enhancement Pursuant To Title 21 U.S.C. § 851(a), because even if there were, this is not the type of correction contemplated by **F.R.Cr.P. 36.**  That rule authorizes the Court to clerical errors in its own orders, or a clerical error elsewhere in the record "of the sort that a clerk or amanuensis might commit, mechanical in nature," **U.S. v. Robinson**, **368 F.3d 653, 656 (6th Cir. 2004),** but altering a document filed by one of the parties would go well beyond that, in effect rewriting the history of the case.

For the foregoing reasons, the Court finds that defendant's **Motion To Correct Clerical Error(s)** (document #54) and **Reply To The "Response Of The United States To Defendant's Motion To Correct Clerical Erros" And Motion To Leave And Amend Recently Filed Rule 36 Motion** ("Motion To Amend") (document #56) should be, and same hereby are, **denied.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE