**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

     **v.**          Criminal No. 98-20007-001

**ROBERT J. ROSSO**                                                                  **DEFENDANT**

### O R D E R

Now on this 16th day of July, 2013, come on for consideration the following:

    \*     defendant's **Motion To Comply With Requirements Pursuant To 18 U.S.C. 3612** (document #59);

    \*     **Magistrate Judge's Report And Recommendation** (document #62); and

    \*     defendant's **Response To Magistrate's Report & Recommendation** (document #63),

and from said motions, and the response thereto, the Court finds and orders as follows:

    1.     Defendant was convicted of conspiracy to distribute methamphetamine on April 2, 1998.  On July 17, 1998, this Court sentenced him to life imprisonment, and imposed a special assessment of $100 and a fine of $15,000.

    2.     Defendant now moves for Court action to reflect what he believes to be a modification of his fine to a "Postal Fine," and to address an alleged failure by the Court Clerk to comply with various provisions of **18 U.S.C. § 3612**.  Defendant also contends that the Court has jurisdiction to modify his fine because he is "about to suffer a 'material change in economic circumstances'."

3. The Magistrate Judge reports that no modification of defendant's fine has occurred, and that what defendant believes to be a "Postal Fine" is in actuality the fine he was sentenced to pay as part of his punishment, the proceeds of which are being distributed to the Postal Service Fund because the Postal Service was the agency that investigated defendant's crime of conviction.

The Magistrate Judge recommends that defendant's motion be denied.

4. Defendant makes three objections to the Report And Recommendation. The first of these is his contention that the Clerk of Court's alleged noncompliance with certain provisions of **18 U.S.C. § 3612** is an important part of his motion.

This objection is without merit, as defendant lacks standing to complain of the processing or use that is made of monies paid toward his fine. To have standing, defendant must have suffered an actual injury caused by the conduct complained of, which would likely be redressed by a favorable decision on his claim. **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 560-61 (1992).

That is not the case here. Defendant does not complain that accurate records are not being kept of his payments. He complains about the timeliness of notification between government agencies that handle the distribution of those payments. Any problems in that regard -- and none are shown to exist -- would not affect defendant's obligation to pay his fine. It is still a part of his sentence and he still has to pay it. Thus, any action or inaction

by the Clerk of Court with regard to the requirements of **§ 3612** would not affect defendant's responsibility for payment of the fine.

5. Defendant also objects that the Report And Recommendation is in error in stating that his fine was not based on the cost of his incarceration. In support, he attached to his motion a portion of the Court's remarks at sentencing. Those remarks do not support this objection. They do not mention costs of incarceration.

Defendant also attached a portion of the Presentence Investigation Report ("PSIR") prepared before his sentencing, which in ¶64 states that the Court "shall impose an additional fine amount that is at least sufficient to pay the costs to the Government of any imprisonment. . . ."

The presence of that statement in the PSIR does not mean that the Court determined the amount of defendant's fine based on what it would cost to imprison him. Had it done so, the fine would be considerably higher than what was imposed.[1]

For these reasons, this objection is without merit.

6. Finally, defendant objects that the Report And Recommendation "fails to mention that the 'U.S. Court Case Inquiry Report' cleary [sic] states that I am paying a 'Postal Fine'."

The document referred to by defendant does identify his "debt type" as a "Postal Fine," but that is of no importance in analyzing the issues before the Court. The Court imposed a fine as part of defendant's punishment for a criminal offense, and it has not

---

[1] As of October, 2010, the average annual cost of incarceration for federal inmates was $25,895. **U.S. v. Brewer**, **624 F.3d 900, 911, fn 11 (8th Cir. 2010)**.

modified that fine.

Defendant says, in his Reply Brief, "I am not asking the Court to modify my Judgment order. The modification has already been made by the Government." This, of course, is nonsense. The government cannot modify a sentence. Pronouncing sentence -- and modifying it if such is to occur -- are the sole responsibility of the Court. Administrative paperwork cannot work a modification of a criminal sentence. This objection is without merit.

7. Finally, to the extent that defendant is trying to articulate a request that the Court modify his fine pursuant to **18 U.S.C. § 3572(d)(3),** that request will be denied. The section in question authorizes the Court to modify the payment schedule of a fine -- not the fine itself -- when there are material changes in a defendant's economic circumstances.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #62) is **adopted in toto,** and defendant's objections thereto (**Response To Magistrate's Report & Recommendation** (document #63)) are **overruled.**

**IT IS FURTHER ORDERED** that, for the reasons stated in the Report And Recommendation, defendant's **Motion To Comply With Requirements Pursuant To 18 U.S.C. 3612** (document #59) is **denied.**

**IT IS SO ORDERED.**

                                             **/s/ Jimm Larry Hendren**
                                             **JIMM LARRY HENDREN**
                                             **UNITED STATES DISTRICT JUDGE**